UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
Glenn Winningham; house of Fearn,

                              Plaintiff,

                08-CV-10941 (CS)(GAY)

      - against -

**ORDER**

Neil V. Wake, Judge, *et al*.

                             Defendants.
------------------------------------------------------------------------x
<u>Seibel, J.</u>

      The above referenced action was commenced by Complaint filed by *pro se* Plaintiff Glenn Winningham on March 11, 2009. (Doc. 1.) For the following reasons, I conclude that Plaintiff's claims are frivolous and dismiss the Complaint *sua sponte*.

**I.    BACKGROUND**

      Mr. Winningham, a member of a group of individuals known as the Republic of Texas, disclaims his United States citizenship and identifies himself as "an inhabitant of the land of New York, an American national, and a sovereign living soul." (Compl. ¶ 2.) Plaintiff's fifty-six page Complaint alleges a vast governmental conspiracy to fraudulently dismiss a civil action he filed in the District Court for the District of Arizona in which he claimed to be a sovereign and not subject to federal taxes (the "Arizona Action"). (Compl. ¶ 77 ("[A]s usual they found a way to dismiss the case so they could help out the IRS thieves and get their royalty in the process.").) In addition to Judge Neil V. Wake, who presided over the Arizona Action, Plaintiff names as Defendants Judge John M. Roll (D. Ariz.); Judge Mary M. Schroeder (9th Cir.); Judge Alex Kozinski (9th Cir.); United States Attorney for the District of Arizona Diane J. Humetewa; United States Marshal for the Northern District of Texas Randy P. Ely; and

-1-

numerous members of the United States Congress, among other government actors.  Plaintiff also asserts claims against a prospective employer, Eaton Aerospace LLC, as well its parent company Eaton Corporation (together, "Eaton"), for denying his employment application after he refused to provide his social security number.  (Compl. ¶¶ 110-12 ("That way they can help out their thieving bankster buddies and the New World Order so they can merge the United States of America into a global plantation where no nation has sovereignty, and everybody is a slave (piece of property).")

**II.    DISCUSSION**

Mindful of the duty to construe *pro se* actions liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court has analyzed Plaintiff's Complaint and finds no deprivation of a federally secured right.  Plaintiff's allegations of a conspiracy between the Defendants fails to state a viable and plausible claim for relief because they are so vague, conclusory and unsupported by concrete instances or examples of the alleged wrongdoing that they fail to establish any actionable conduct on the part of Defendants.  *See Webb v. Goord*, 340 F.3d 105, 111 (2d Cir. 2003) (dismissal of "conclusory" allegations of conspiracy under 42 U.S.C. § 1985); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) (complaint must not rely on "vague, prolix allegations of a conspiracy," but must allege overt acts).  Moreover, no liability can exist for the alleged object of the conspiracy – the dismissal of the Arizona Action and requirement that Plaintiff pay federal taxes – as it is beyond dispute that the Republic of Texas ceased to exist when Texas became the twenty-eighth state of the United States of America in 1845.  *See Texas v. White*, 74 U.S. 700, 726 (1869) ("When, therefore, Texas became one of the United States, she entered into an indissoluble relation. All the obligations of perpetual union, and all the guaranties

of republican government in the Union, attached at once to the State."); *see also United States v. McLaren*, No. 00-CR-400, 2001 U.S. Dist. LEXIS 9577, at *3 (W.D. Tex. June 19, 2001) (argument that the Republic of Texas remains an independent, sovereign nation is "entirely unsupported within the international community," as "[d]espite their many letters to the United Nations and to other countries, the Republic of Texas has failed to receive any diplomatic recognition or recognition as a sovereign nation"); *McLaren v. United States Inc.*, 2 F. Supp. 2d 48, 50 (D.D.C. 1998) ("Any questions regarding the finality or durability of Texas' statehood were laid to rest by the Supreme Court in *Texas v. White* . . . ."). Plaintiff's claims against Eaton are likewise frivolous, as "federal law requires that employers gather and report the [social security numbers] of their employees to aid enforcement of tax and immigration laws." *Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) (citing 8 C.F.R. §§ 274a.2(a), (b)(1)(i), 274a.10(b)(2)).

 As such, I conclude that the Complaint is frivolous and must be dismissed as it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). Although this Court ordinarily would permit amendment of a fee-paid *pro se* complaint to cure any defects before dismissing the case *sua sponte*, *see Hughes v. City of Albany*, 76 F.3d 53, 56 (2d Cir. 1996), there is no need to do so here as Plaintiff presents no arguably meritorious issue, *see Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915 . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Fitzgerald*, 221 F.3d at 364 ("[A]s courts of first instance, district

courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."); *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996) ("Every fee-paying litigant who files a lawsuit or takes an appeal accepts the risk that the complaint or appeal may be determined to be frivolous, in which event the complaint or appeal will be dismissed and the filing fee will be lost."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order taken *in forma pauperis* would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

## III. CONCLUSION

Plaintiff's Complaint is hereby DISMISSED with prejudice as to all Defendants. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: April 27, 2009
  White Plains, New York

  _____
  CATHY SEIBEL, U.S.D.J.